**In re Starr A. DIGIACOMO, Debtor.**

**SEARS, ROEBUCK & CO., Movant,**

v.

**Starr A. DIGIACOMO, Respondent.**

**Bankruptcy No. 5–95–00790.**

United States Bankruptcy Court,
M.D. Pennsylvania.

May 20, 1996.

Joseph G. Murray, Wilkes–Barre, PA, for Debtor/Respondent.

Charles Phillips, Wyomissing, PA, for Sears/Movant.

William G. Schwab, Trustee in Bankruptcy, Lehighton, PA.

### ORDER DENYING MOTION TO COMPEL

JOHN J. THOMAS, Bankruptcy Judge.

On June 1, 1995, the Debtor filed a Statement of Intentions under 11 U.S.C. § 521(2). Although various creditors were identified in that Statement, the Debtor neglected to identify Sears, Roebuck and Company ("Sears") as a secured creditor despite the fact that the Debtor admits that Sears possesses a purchase money security interest in certain merchandise.

On September 11, 1995, Sears filed the instant Motion to Compel the Debtor to Amend the Statement of Intentions under Federal Rule of Bankruptcy Procedure 1009(a) so that Sears could be added as a secured party and the Debtor would be compelled to state their intentions with regard to the secured collateral.

This matter is currently before the court for decision.

Federal Rule of Bankruptcy Procedure 1009(b) indicates that "The statement of intention may be amended by the debtor at any time before the expiration of the period provided in § 521(2)(B) of the Code."

The period provided in § 521(2)(B) is identified as "forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, . . . ."

The court did not extend the time to file a notice of intention or any amendment thereto. We, therefore, conclude that Sears' Motion to Compel is untimely filed inasmuch as the Debtor is not empowered to amend this statement after the time limits specified in Federal Rule of Bankruptcy Procedure 1009(b). Accordingly, the Motion is denied.